UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DEMETRIUS BELLAMY,

               Plaintiff,

      -against-

ANDREW CUOMO, Attorney General of the
State of New York,

               Defendant.

**MEMORANDUM
AND ORDER
10-CV-5261 (NGG)(LB)**

----------------------------------------------------------------x
GARAUFIS, United States District Judge:

      Plaintiff, Demetrius Bellamy, currently incarcerated at Rikers Island, filed this pro se action on November 10, 2010. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) is granted. For the reasons discussed below, Plaintiff is granted 30 days leave to file an amended complaint.

## I.    STANDARD OF REVIEW

      Under 28 U.S.C. § 1915A, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents to determine if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1); see Abbas v. Dixon, 480 F.3d 636, 639-40 (2d Cir. 2007) (discussing sua sponte standard of review under § 1915A for prisoners). A prisoner's complaint, like all complaints, must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, ---, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). When reviewing filings from a pro se plaintiff, the court must construe them liberally and

interpret them as raising the strongest arguments they suggest. See Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009).

## II. BACKGROUND

Plaintiff's Statement of Claim states in its entirety:

Demetrius Bellamy, PLAINTIFF IN THIS ACTION, calls to the attention of this Court, pursuant to Rule 5.1(a) of the Fed. R. of Civ. P and Sec. 2403 of title 28 of the USC, that he challenges the constitutionality of the New York Penal Law Section(s): 160.15-4, 160.15-3, 160.10-1, 160.10-2A, 120.00-1.

In particular, Demetrius Bellamy claims that these laws are unconstitutional because they were never certified as constitutional by the New York State Supreme Court, which violates the U.S. Constitution Art. VI, Sec.'s (2) and (3). Since I am being charged with violating these laws, I would like to subpoena the certification of these Acts by the N.Y.S. Supreme Court as Constitutional. I would also like to subpoena the Attorney General of the State of New York, Andrew Cuomo, to testify to the constitutionality of the Acts.

(Complaint (Docket Entry #1) at 2.) Plaintiff does not state what remedy he seeks.

## III. DISCUSSION

Plaintiff offers no facts or allegations to support his claim that various New York Penal Law statutes are unconstitutional. The Court must dismiss Plaintiff's claims, as currently set forth, as Defendant cannot meaningfully respond to the instant complaint. See Twombly, 550 U.S. at 555 (Rule 8 requires that the defendant be given " 'fair notice of what the . . . claim is and the ground upon which it rests' ") (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

## IV. CONCLUSION

In order to afford pro se Plaintiff the opportunity to correct the infirmities in his complaint, Plaintiff is given 30 days leave to file an amended complaint. Plaintiff is advised that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should

Plaintiff elect to file an amended complaint, Plaintiff is directed to name as proper defendants those individuals who have some personal involvement in the conduct he alleges in the amended complaint and to provide the dates and locations, or approximate dates and locations, for each relevant event. Even if Plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe. To the best of his ability, Plaintiff must describe each individual and the role he or she played in the alleged deprivation of his rights. Plaintiff is further directed to state whether he has a pending state court criminal action and, if so, the current status of those proceedings.

The amended complaint must be captioned "Amended Complaint," name all individual defendants in the caption, and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If Plaintiff fails to amend his complaint within 30 days as directed by this Order, the Court shall dismiss this complaint pursuant to 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
November 22, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge